United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY MCSWAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-4141 |
| | § | |
| FIESTA MART, LLC D/B/A FIESTA | § | |
| MART #51, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Mary McSwain ("Plaintiff") brought this action against Fiesta Mart, LLC D/B/A Fiesta Mart #51 ("Defendant") in the 127th District Court of Harris County, Texas, alleging a premises liability claim.[1] Pending before the court is Defendant's No Evidence Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 26). For the reasons stated below, Defendant's MSJ will be denied.

### I.   Background

Plaintiff alleges that on June 10, 2022, she slipped and fell on cottage cheese while shopping at the Fiesta Mart located at 9420 Cullen Boulevard, Houston, Texas.[2]   Prior to her fall, Plaintiff

---

[1] Plaintiff's Original Petition, Exhibit 2 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 6-8. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id. at 7 ¶¶ 7-8; Plaintiff's First Amended Response to Defendant's No Evidence Motion for Summary Judgment ("Plaintiff's
(continued...)

saw a wet floor cone at the end of the aisle, located about six to ten feet away from where she fell.[3]  After Plaintiff fell, a store manager told an employee to move the cone because it was in the wrong location.[4]

On October 9, 2023, Plaintiff brought this action against Defendants in the 127th District Court of Harris County, Texas, asserting a premises liability claim.[5]  On November 1, 2023, Defendants removed the action to this court based on diversity jurisdiction.[6]

On October 24, 2025, Defendants filed a Motion for Summary Judgment.[7]  Plaintiff filed a response on June 9, 2026.[8]  Defendant did not file a reply.

_____

[2](...continued)
Response"), Docket Entry No. 46, p. 1.

[3]Oral Deposition of Mary McSwain ("McSwain Depo"), Exhibit 1 to Plaintiff's Response, Docket Entry No. 46-1, p. 2 lines 14-20, p. 3 lines 10-13.

[4]Id. at 3 lines 19-24.

[5]Plaintiff's Original Petition, Exhibit 2 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 6-8.

[6]Notice of Removal, Docket Entry No. 1, p. 1.  Plaintiff is a citizen of Texas and Fiesta Mart is a citizen of Delaware and California.  Id. at 1-2.

[7]Defendant's MSJ, Docket Entry No. 26.

[8]Plaintiff's Response, Docket Entry No. 46.

## II.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Id. at 2554.  "The burden shifts to the non-moving party to show, with competent evidence, the existence of a genuine dispute of material fact."  Miller v. Michaels Stores, Inc., 98 F.4th 211, 216 (5th Cir. 2024).  "'The burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'"  Swope v. Columbian Chemicals Co., 281 F.3d 185, 197 (5th Cir. 2002) (quoting 10A Wright, Miller & Kane, Federal

-3-

Practice and Procedure § 2727, at 490 (3d ed. 1998)).[9]  But "'[a] mere scintilla of evidence is insufficient to present a question for the jury.'"   Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc., 80 F.4th 607, 616 (5th Cir. 2023).

The court "must view all facts and draw all reasonable inferences in [the nonmovant's] favor." Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee, 129 S. Ct. 846, 851 n.2 (2009).   The court "may not make credibility determinations or weigh the evidence."   Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

## III.  Analysis

A landowner owes to invitees "a duty to maintain the premises in a reasonably safe condition, . . . a duty of reasonable care to inspect and discover a condition involving an unreasonable risk of harm, . . . and the duty to protect against the danger and to make safe any defects or to give an adequate warning thereof." Rawlings v. Angelo State University, 648 S.W.2d 430, 433 (Tex. App.—Austin 1983, no pet.).  "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take

_____

[9]See also 10A Wright, Miller, & Kane, Federal Practice & Procedure § 2727.2, at 501 (4th ed. 2016) (same).

-4-

reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." Henkel v. Norman, 441 S.W.3d 249, 251-52 (Tex. 2014).

Defendant argues that it is entitled to summary judgment because Plaintiff has provided no evidence that Defendant had actual or constructive knowledge of the cottage cheese before she fell.[10] Plaintiff argues that the wet floor cone in the dairy aisle is circumstantial evidence of Defendant's actual knowledge.[11]

"An invitee in a premises-liability case 'must prove that the premises owner had actual or constructive knowledge of a dangerous condition on the premises.'" Albertsons, LLC v. Mohammadi, 689 S.W.3d 313, 317 (Tex. 2024) (quoting Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 813 (Tex. 2002)) (emphasis in original). "'Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident.'" Sampson v. University of Texas at Austin, 500 S.W.3d 380, 397 (Tex. 2016) (quoting City of Corsicana v. Stewart, 249 S.W.3d 412, 414-15 (Tex. 2008)). "Circumstantial evidence establishes actual knowledge only when it directly or by reasonable inference supports that conclusion." Duncan v. First Texas Home, 464 S.W.3d 8, 16 (Tex. App-Fort Worth 2015, no pet.). "[C]onstructive knowledge can be established by showing that the condition had existed long enough for the owner or

---

[10]Defendant's MSJ, Docket Entry No. 26, pp. 2-3.

[11]Plaintiff's Response, Docket Entry No. 46, pp. 6-7.

occupier to have discovered it upon reasonable inspection."    CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 102-03 (Tex. 2000).    To establish constructive knowledge, "[t]here must be proof of how long the dangerous condition was present before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition."    Slape v. Wal-Mart Stores Texas, LLC, 656 S.W.3d 698, 701 (Tex. App.—El Paso 2022, no pet.) (citing Reece, 81 S.W.3d at 816).

Plaintiff has raised a fact issue as to whether Defendant had actual knowledge of the cottage cheese.[12]  The evidence establishes that (1) Defendant trains its employees to place wet floor cones on top of a spill, (2) a wet floor cone was placed six to ten feet from the cottage cheese before Plaintiff slipped on it and fell, and (3) shortly after Plaintiff's accident, an employee was told to move the cone closer to the cottage cheese.[13]  This evidence directly or by reasonable inference supports the conclusion that

_____

    [12]Defendant also argues that recovery is precluded because Plaintiff has not provided evidence that establishes how long the cottage cheese was present.  Defendant's MSJ, Docket Entry No. 26, pp. 4-5.  However, as discussed below, because Plaintiff has raised a fact issue as to whether Defendant had actual knowledge, the court will not address whether Plaintiff has raised a fact issue as to whether Defendant had constructive knowledge.  Mohammadi, 689 S.W.3d at 317 (quoting Reece, 81 S.W.3d at 813) ("An invitee in a premises-liability case 'must prove that the premises owner had actual or constructive knowledge of a dangerous condition on the premises.'").

    [13]McSwain Depo, Exhibit 1 to Plaintiff's Response, Docket Entry No. 46-1, pp. 2-3; Oral and Remote Deposition of Rodney Lee, Corporate Representative, Exhibit 3 to Plaintiff's Response, Docket Entry No. 46-3, p. 3 line 23 thru p. 4 line 4, p. 11 lines 19-23.

Defendant knew of the cottage cheese before Plaintiff slipped on it and fell.  See, e.g., City of Houston v. Crawford, NO. 01-18-00179-CV, 2018 WL 4868306, at *4-*5 (Tex. App.-Houston [1st Dist.] Oct. 9, 2018, no pet.) (holding that a fact finder could make a reasonable inference of actual knowledge where there was evidence that the defendant had placed safety cones around a greasy area of the floor even though the cones did not encompass the entirety of the defective premises).

## IV.  Conclusion and Order

Because Plaintiff has raised a fact issue as to whether Defendant had actual knowledge of the dangerous condition, Defendant's No Evidence Motion for Summary Judgment (Docket Entry No. 26) is **DENIED**.

**SIGNED** at Houston, Texas, on this 30th day of June, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE